OPINION
{¶ 1} Defendant-appellant, Daniel S. Wilson, appeals the judgment of the Willoughby Municipal Court, denying his Motion to Suppress Evidence in connection with a traffic stop. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On April 2, 2006, Wilson was issued a uniform traffic citation by Officer Mark P. Christian, of the City of Eastlake Police Department, charging him with Operating a Vehicle under the Influence of Alcohol, a misdemeanor of the first *Page 2 
degree in violation of R.C. 4511.19(A)(2) (offender having a prior conviction for Operating a Vehicle under the Influence of Alcohol); Operating a Vehicle under the Influence of Alcohol, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(a); and Failure to Wear Driver Safety Belt, a minor misdemeanor in violation of Eastlake Codified Ordinance 337.27(B)(1).
 {¶ 3} Wilson filed a Motion to Suppress Evidence on the grounds that Officer Christian did not have probable cause to effectuate a stop.
 {¶ 4} On May 16, 2006, a hearing was held on Wilson's motion. Officer Christian testified that, on the evening of April 2, 2006, he received a dispatch call that another Eastlake Police Officer had observed a silver truck weaving "all over the road" and was following the truck northbound on State Route 91. The dispatch also reported the officer's belief that the driver of the truck might be engaged in a "rolling domestic."
 {¶ 5} Officer Christian was parked in the driveway of the Eastlake Fire Station on Route 91 and observed the silver truck identified in the dispatch traveling northbound. Christian pulled onto Route 91 and behind the truck. As the truck continued north on Route 91, Christian observed the vehicle "drive onto the white dotted lines in the center lane."
 {¶ 6} Where Route 91 comes to an end, the truck turned left (west) onto Lakeshore Boulevard, leaving Eastlake and entering Timberlake Village. Officer Christian continued to follow and observed the truck "cross the center markers of the intersection" and "cross the white curb lane marker of Lakeshore Blvd." At this point, Christian stopped the vehicle, being operated by Wilson. *Page 3 
 {¶ 7} The municipal court denied Wilson's motion on the basis ofMaumee v. Weisner, 87 Ohio St.3d 295, 1999-Ohio-68, "permitting a traffic stop upon a citizen informant's tip without independent Officer corroboration." The court further noted that Officer Christian did have "some minimal corroborative evidence [of Wilson's erratic driving] independently observed" prior to Wilson's entry into Timberlake. Thus, the court did not consider the relevance of Christian's observations of Wilson in that territorial jurisdiction.
 {¶ 8} Wilson stipulated to the current charge being his second OVI in six years and entered a plea of no contest to Operating a Vehicle under the Influence of Alcohol, in violation of R.C. 4511.19(A)(1)(a). The municipal court entered an order of nolle prosequi as to the remaining charges. The court imposed a fine of $500; sentenced Wilson to 180 days in jail with 165 days suspended; suspended his license for one year; immobilized his vehicle for 90 days; imposed one year of probation including mandatory drug and alcohol treatment; and ordered Wilson to serve 55 hours of community service. Wilson's sentence has been stayed pending appeal.
 {¶ 9} On appeal, Wilson raises the following assignment of error: "The trial court erred in denying the defendant's motion to suppress as the Police Officer did not have probable cause to stop the defendant's vehicle."
 {¶ 10} At a suppression hearing, the trial court acts as the trier of fact. State v. Pape, 11th Dist. No. 2004-A-0044, 2005-Ohio-4657, at ¶ 13 (citations omitted). "[T]he trial court is best able to decide facts and evaluate the credibility of witnesses. Its findings of fact are to be accepted if they are supported by competent, credible *Page 4 
evidence." State v. Mayl, 106 Ohio St.3d 207, 2005-Ohio-4629, at ¶ 41. Accepting the trial court's determination of the factual issues, the court of appeals must conduct a de novo review of the trial court's application of the law to those facts to "determine as a matter of law whether the acceptable legal standard has been satisfied."Pape, 2005-Ohio-4657, at ¶ 13 (citations omitted); Mayl, 2005-Ohio-4629, at ¶ 41 ("we are to independently determine whether [the trial court's factual findings] satisfy the applicable legal standard") (citation omitted).
 {¶ 11} Wilson argues the Weisner decision, relied upon by the municipal court, is distinguishable since, in the present case, there is no evidence that Officer Christian actually relied upon the dispatch information to justify the investigatory stop of Wilson's vehicle. According to Wilson, if Christian were relying on the dispatch to justify the stop, "he should have activated his overhead lights or made some overt act to initiate the stop before traveling westbound on Lakeshore Boulevard within the Village of Timberlake." Instead, Christian did not effectuate the stop until after he witnessed Wilson commit two traffic violations within the territorial jurisdiction of Timberlake. We disagree.
 {¶ 12} It is not disputed that the radio dispatch provided Officer Christian probable cause to effectuate a stop under Weisner, since the information conveyed by the dispatch originated from a fellow officer and, thus, carried sufficient indicia of reliability. Christian was under no obligation to effectuate that stop immediately. "[P]robable cause * * * is concerned with facts relating to a presently existing condition." United States v. Spikes (C.A.6 1998), 158 F.3d 913, 923
(citation omitted). As long as the information contained in the dispatch related to a presently *Page 5 
existing condition, i.e. had not become "stale," Christian possessed probable cause to stop Wilson. Cf. United States v. Abboud (C.A.6 2006)438 F.3d 554, 573 ("[t]he staleness inquiry * * * is tailored to the specific circumstances in each case") (citation omitted). In the present case, Wilson received information of erratic driving and stopped Wilson shortly after receiving the information. As the municipal court correctly pointed out, Christian did not need corroboration of the information conveyed by the dispatch, although Christian apparently waited for corroboration before effecting the stop.
 {¶ 13} Moreover, it does not matter whether Officer Christian actually relied on the dispatch or the observed traffic violations or both. As long as probable cause existed to make the stop, Christian's subjective motivation is irrelevant. Whren v. United States (1996), 517 U.S. 806,812; Scott v. United States (1978), 436 U.S. 128, 138. See alsoDayton v. Erickson, 76 Ohio St.3d 3, 1996-Ohio-431, at syllabus.
 {¶ 14} In sum, the radio dispatch provided Officer Christian with objectively valid legal justification to stop Wilson's vehicle. The municipal court did not err in denying the motion to suppress. The sole assignment of error is without merit.
 {¶ 15} For the foregoing reasons, the decision of the Willoughby Municipal Court, denying Wilson's Motion to Suppress Evidence, is affirmed.
WILLIAM M. O'NEILL, J., concurs,
 COLLEEN MARY OTOOLE, J., concurs in judgment only. *Page 1